IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

WANDA L. LINDSEY,
                Plaintiff,

vs.                                                    Case No.:  3:04cv324/RV/EMT

JO ANNE B. BARNHART,
Commissioner of Social Security,
                Defendant.
_____/

## <u>REPORT AND RECOMMENDATION</u>

        This cause was initiated by the filing of Plaintiff's complaint (Doc. 1), in which Plaintiff seeks review of a final decision of Defendant denying her application for Supplemental Security Income under the Social Security Act, 42 U.S.C. § 1381, *et seq.*  Presently pending are Plaintiff's Motion for Entry of Default (Doc. 7), Defendant's Motion to Dismiss (Doc. 9), Defendant's Response to Order to Show Cause (which includes a response to Plaintiff's default motion) (Doc. 10), and Plaintiff's Response to Defendant's Motion to Dismiss (Doc. 11).

        Plaintiff filed her complaint on September 13, 2004 (Doc. 1) and service was made upon Defendant on November 1, 2004 (*see* Doc. 6).  Thus, pursuant to FED.R.CIV.P.12(a)(3), Defendant was required to file with the Court and serve upon Plaintiff an answer to the complaint within sixty (60) days of service, or in the instant case on or before December 31, 2004.  Defendant failed to file a timely answer, thus, on January 6, 2005 Plaintiff moved for an entry of default (Doc. 7).  On January 10, 2005, this court issued an Order to Show Cause (Doc. 8), requiring Defendant to show cause why default should not be entered pursuant to FED.R.CIV.P. 55.  On January 19, 2005, Defendant filed a motion to dismiss (Doc. 9) and a separate response to the order to show cause (Doc. 10).  On the same day, Plaintiff filed a response (Doc. 11) to Defendant's motion to dismiss.

1. <u>Default</u>

Plaintiff contends that an entry of default is proper, pursuant to FED.R.CIV.P. 55(a), given Defendant's failure to plead or otherwise defend (Doc. 7). Rule 55 provides, in pertinent part, as follows:

> (a) **Entry**. When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules and that fact is made to appear by affidavit or otherwise, the clerk shall enter the party's default.
>
> (b) **Judgment**. Judgment by default may be entered as follows:
>
> (1) **By the Clerk**. When the plaintiff's claim against a defendant is for a sum certain or for a sum which can by computation be made certain, the clerk upon request of the plaintiff and upon affidavit of the amount due shall enter judgment for that amount and costs against the defendant, if the defendant has been defaulted for failure to appear and is not an infant or incompetent person.
>
> (2) **By the Court**. In all other cases the party entitled to a judgment by default shall apply to the court therefor; but no judgment by default shall be entered against an infant or incompetent person unless represented in the action by a general guardian, committee, conservator, or other such representative who has appeared therein. If the party against whom judgment by default is sought has appeared in the action, the party (or, if appearing by representative, the party's representative) shall be served with written notice of the application for judgment at least 3 days prior to the hearing on such application. If, in order to enable the court to enter judgment or to carry it into effect, it is necessary to take an account or to determine the amount of damages or to establish the truth of any averment by evidence or to make an investigation of any other matter, the court may conduct such hearings or order such references as it deems necessary and proper and shall accord a right of trial by jury to the parties when and as required by any statute of the United States.
>
> * * *
>
> (e) **Judgment Against the United States**. No judgment by default shall be entered against the United States or an officer or agency thereof unless the claimant establishes a claim or right to relief by evidence satisfactory to the court.

To the extent Plaintiff seeks entry of default pursuant to Rule 55(a), that motion should be denied. Generally, Rule 55(a) applies to entries of default entered by the clerk, upon application to the clerk. Here, Plaintiff specifically moves the *court* for an entry of default (*see* Doc. 7 at 1). Therefore, relief under Rule 55(a) is inappropriate.[1]

---

[1]Although the court has authority to order that the clerk enter a default pursuant to Rule 55(a), *see* <u>McGrady v. D'Andrea Electric, Inc.</u>, 434 F.2d 1000 (5th Cir. 1970) (proper for district court to enter order directing clerk to enter default against defendant for delay and for failure to comply with court rules), it is recommended that the court decline

Case No.: 3:04cv324/RV/EMT

Furthermore, even if a default were entered by the clerk pursuant to Rule 55(a), this court finds good cause for Defendant's failure to timely defend this action (*see* Doc. 10 at 1) and would recommend setting aside an entry of default pursuant to Rule 55(c). "[W]hen the government's default is due to a failure to plead . . . the court typically either will refuse to enter a default or, if a default is entered, it will be set aside." WRIGHT & MILLER, FEDERAL PRACTICE AND PROCEDURE, CIVIL § 2702 (footnotes omitted). Moreover, Rule 55(e) prohibits a default judgment against the United States, or an agency thereof, unless Plaintiff has established a right to relief by evidence satisfactory to the court. Here, the transcript of the administrative proceedings below has not been filed with this court. In the absence of that record, Plaintiff cannot establish entitlement to relief. *See* Poe v. Matthews, 572 F.2d 137, 137 (6th Cir. 1978) (improper to award plaintiff disability insurance benefits based upon defendant's "default in pleading," where defendant failed to file transcript more than ten weeks beyond date set by court, because the "district court had no evidence before it when it directed the award of disability benefits"); Mason v. Lister, 562 F.2d 343, 345 (5th Cir. 1997) (recognizing that entry of default judgment is committed to the discretion of the district judge and finding such judgment inappropriate, even though government defendant filed no pleadings for more than four weeks beyond due date, where government promptly responded to the motion for default judgment and indicated it had not abandoned the litigation). Accordingly, Plaintiff's motion for entry of default should be denied.

2. Dismissal

With respect to Defendant's motion to dismiss, the parties do not dispute that the sixty-day period in which Plaintiff could initiate this action[2] commenced, at the earliest, on July 16, 2004 (*see* Docs. 9, 11). Thus, Plaintiff's complaint must have been filed on or before September 14, 2004. Defendant contends that Plaintiff filed her complaint on October 7, 2004, outside the sixty-day period (Doc. 9 at 1). However, simply put, Defendant is incorrect. Plaintiff filed her complaint on

---

to do so here for the reasons expressed below.

[2]*See* 42 U.S.C. § 405(g), which provides in pertinent part, that:

 [a]ny individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow.

September 13, 2004, as stated in her response (*see* Doc. 11) and as noted on the docket in the instant case (*see* Doc. 1).  Therefore, Plaintiff's complaint was timely filed in accordance with 42 U.S.C. § 405(g) and Defendant's motion to dismiss should be denied.

Accordingly, it is respectfully **RECOMMENDED**:

1.    That Plaintiff's Motion for Entry of Default (Doc. 7) be **DENIED**.

2.    That Defendant's Motion to Dismiss (Doc. 9) be **DENIED** because Plaintiff's complaint was timely filed as required by 42 U.S.C. § 405(g).

At Pensacola, Florida, this 30th day of March, 2005.


/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**


## NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations may be filed within ten (10) days after being served a copy thereof.  A copy of objections shall be served upon the magistrate judge and all other parties.  Failure to object may limit the scope of appellate review of factual findings.  *See* 28 U.S.C. § 636; United States v. Roberts, 858 F.2d 698, 701 (11th Cir. 1988).**