IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

WANDA L. LINDSEY,
    Plaintiff,

vs.                                                    Case No.:  3:04cv324/RV/EMT

JO ANNE B. BARNHART,
Commissioner of Social Security,
    Defendant.
_____/

**REPORT AND RECOMMENDATION**

        This action was initiated under the Social Security Act to obtain judicial review of Defendant's final decision denying Plaintiff's claim for disability benefits (Doc. 1).  Pending is Defendant's Motion to Reverse and Remand pursuant to sentence four of Title 42 U.S.C. § 405(g) (Doc. 20).  Defendant has certified that Plaintiff has no objection to this motion.

        Sentence four of section 405(g) states that "[t]he court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing."  42 U.S.C. § 405(g).  The Commissioner states that remand is appropriate for the Administrative Law Judge ("ALJ") to hold a supplemental administrative hearing and allow Plaintiff to submit any new evidence.  Additionally, the Appeals Council will instruct the ALJ to articulate a credibility determination that complies with Eleventh Circuit case law and Social Security Administration regulations; inform the ALJ that the residual functional capacity questionnaire, submitted subsequent to the hearing and entered into the record by the Appeals Council, is counter-signed by treating psychiatrist Dr. Javellana, thus, it corroborates nurse practitioner Jason Jones' assessment (which was discounted by the ALJ because it was not so corroborated); and, the Appeals council will direct the ALJ to reevaluate Plaintiff's residual functional capacity on a function-by-function basis pursuant

to Social Security Ruling 96-8p.  The Appeals Council will instruct the ALJ that, if the ALJ proceeds to step five of the sequential evaluation process, the ALJ will obtain vocational expert testimony to support the Commissioner's burden.  Finally, the ALJ will be instructed by the Appeals Council to associate Plaintiff's subsequent claim for supplemental security income, dated August 12, 2003, which is currently pending the scheduling of an administrative hearing, with the subject case and to render a decision on both claims.

Good cause having been shown, it is respectfully **RECOMMENDED**:

1.	That Defendant's Motion to Reverse and Remand (Doc. 20) be **GRANTED** and the Commissioner's decision denying benefits be **REVERSED**.

2.	That this case be **REMANDED** to the Commissioner of Social Security pursuant to sentence four of 42 U.S.C. § 405(g).

3.  That the Defendant be ordered to conduct proceedings in accordance with this Report and Recommendation.

At Pensacola, Florida, this 16th day of August, 2005.


	*/s/ Elizabeth M. Timothy*
	**ELIZABETH M. TIMOTHY**
	**UNITED STATES MAGISTRATE JUDGE**


**NOTICE TO THE PARTIES**

**Objections to these proposed findings and recommendations may be filed within ten (10) days after being served a copy thereof.  A copy of objections shall be served upon the magistrate judge and all other parties.  Failure to object may limit the scope of appellate review of factual findings.**  *See* **28 U.S.C. § 636; United States v. Roberts, 858 F.2d 698, 701 (11th Cir. 1988).**